**HIGGINS, CAVANAGH & COONEY, LLP**

ATTORNEYS AT LAW
THE HAY BUILDING
123 DYER STREET
PROVIDENCE, R.I. 02903-3987
401-272-3500
800-274-5299

KENNETH P. BORDEN
GERALD C. DEMARIA*
JOHN T. WALSH, JR.*
CHARLES A. HAMBLY, JR.
STEPHEN B. LANG
LAWRENCE P. MCCARTHY, III
JAMES A. RUGGIERI*
JAMES T. HORNSTEIN*
JOHN F. KELLEHER*
VIVIAN B. DOGAN*
PATRICK B. LANDERS*
PAUL S. CALLAGHAN*
SUSAN PEPIN FAY*
PETER E. GARVEY**
CHRISTINE D'ORSI FITTA
COLEEN D. O'BRIEN*
TRACEY MCPEAK MOREL*
STEPHEN P. COONEY*

*ALSO ADMITTED IN MA
**ALSO ADMITTED IN CT

JAMES H. HIGGINS, JR.
1952-1975

JOHN P. COONEY, JR.
1960-1981

JOSEPH V. CAVANAGH
1952-1985

FAX
401-273-8780

WEBSITE: www.hcc-law.com

August 19, 2004

Ms. Lorrie A. Hassan
Senior technical Specialist
The Travelers Indemnity Company
44 Bedford Street
P. O. Box 111
Middleboro, MA 02344

Re: Property Damage 1/16/04 Drill Shaft #1
Property Damage 4/9/04 Drill Shaft #2
Claim No.: C2W6116
Policy No.: DTKCO 463D3267
DOL: 1/16/04
Our file: AB 14268

Dear Ms. Hassan:

Your letter of March 17, 2004 to Mark Mainelli regarding Travelers' "declination of coverage" has been received by this office. As counsel for Aetna Bridge Holding Company, I have also had the opportunity to investigate the facts surrounding this incident.

This letter is to advise you, unequivocally, that your March 17, 2004 letter declining coverage is legally unjustified and amounts to a breach of Travelers' insurance contract with Aetna Bridge Holding Company.

Travelers' duty to defend and indemnify is clear cut. Even a superficial investigation of the facts surrounding this accident would convince an underwriter that Travelers would be required to defend and indemnify Aetna in any subsequent litigation. It is virtually impossible within the time frame prior to March 17, 2004 that you could have investigated these facts sufficiently and/or obtained the necessary professional

opinions to decline coverage. Your obligation to defend and indemnify Aetna is not fixed until such time as complaint, a cross claim, a counterclaim or third party complaint has been filed against your insured and the allegations made are reviewed in the light of whether those allegations could fall within the coverages provided. If a coverage question arises, Rhode Island law requires the carrier to defend the insured and retain other counsel to seek a separate ruling.

On behalf of Aetna Bridge Holding Company we hereby insist that you withdraw the letter of March 17, 2004 in its entirety. We trust that you will discuss the contents of this with the Driscoll Agency. We also point out that your premature declination of coverage could erroneously influence the decisions of other carriers, such as One Beacon, insurer for Jac-Lyn, in reaching conclusions as to the applicability of their own coverage. That could have disastrous consequences for your insured, Aetna Bridge Holding Company. For your information, Aetna Bridge Holding Company has incurred liabilities potentially in excess of $400,000 as a result of the two accidents involving dropping of the steel cages. As you are aware, the first incident occurred on January 16, 2004 and is the subject of your March 17th letter. The second incident occurred on April 9, 2004 and was timely reported to you, through your agent, The Driscoll Insurance Agency.

Finally, I note that although it is the position of Aetna Holding Company that this accident was caused solely by the negligence of Jac-Lyn Steel, Travelers no doubt realizes that other contractors on the construction site at the time will attempt to spread liability. Thus, it is to be anticipated that Aetna Bridge, in commencing an action to recover its damages, will be confronted with counterclaims, cross claims, etc. which will require Travelers to defend and indemnify Aetna Bridge. I am sure that Travelers will take that into consideration when reviewing this matter in terms of the obligations that it owes to its insured.

Very truly yours,

John T. Walsh, Jr.

JTW/nah