**HIGGINS, CAVANAGH & COONEY, LLP**
ATTORNEYS AT LAW
THE HAY BUILDING
123 DYER STREET
PROVIDENCE, R.I. 02903-3987
401-272-3500
800-274-5299

KENNETH P. BORDEN
GERALD C. DEMARIA*
JOHN T. WALSH, JR.*
CHARLES A. HAMBLY, JR.
STEPHEN B. LANG
LAWRENCE P. MCCARTHY, III
JAMES A. RUGGIERI*
JAMES T. HORNSTEIN*
JOHN F. KELLEHER*
VIVIAN B. DOGAN*
PATRICK B. LANDERS*
PAUL S. CALLAGHAN*
SUSAN PEPIN FAY*
PETER E. GARVEY**
CHRISTINE D'ORSI FITTA
COLEEN D. O'BRIEN*
TRACEY MCPEAK MOREL*
STEPHEN P. COONEY*

*ALSO ADMITTED IN MA
**ALSO ADMITTED IN CT

JAMES H. HIGGINS, JR.
1952-1975

JOHN P. COONEY, JR.
1960-1981

JOSEPH V. CAVANAGH
1952-1985

FAX
401-273-8780

WEBSITE: www.hcc-law.com

September 1, 2004

Ms. Lorrie A. Hassan
Senior Technical Specialist
The Travelers Indemnity Company
44 Bedford Street
P. O. Box 111
Middleboro, MA 02344

Re: Property Damage 1/16/04 Drill Shaft #1
Property Damage 4/9/04 Drill Shaft #2
Claim No.: C2W6116
Policy No.: DTKCO 463D3267
DOL: 1/16/04
Our file: AB 14268

Dear Ms. Hassan:

I received your letter of August 25, 2004 with dismay. It is only further evidence of the complete mishandling of this matter by St. Paul Travelers to the detriment of your insured.

This letter is to advise you that it is St. Paul Travelers ("Travelers") that owes the fiduciary duty to Aetna Bridge Company, its insured. That obligation is taken very seriously under Rode Island law. For your information I am enclosing a copy of Rhode Island General Law 9-1-33, as amended, which should make that obligation abundantly clear. As Aetna's insurance carrier, Travelers must demonstrate good faith at all times in providing the coverage that an insured paid for, at great expense. If it does not, it faces the prospect of punitive damages.

The fact that you would send a letter seeking to transfer the burden for an "explanation and interpretation of the policy language" to the insured demonstrates the

cavalier approach of Travelers. It is Travelers that owes the obligation to come forward with its explanation for its highly unusual decision to decline coverage from the very outset.

Let me state the position of your insured, Aetna, unequivocally. Travelers has now declined coverage prematurely and without adequate factual or legal basis. That is bad faith conduct and your recent letter adds fuel to the fire by further entrenching Travelers erroneous decision.

It is Travelers that bears the duty to discharge its fiduciary obligations to its insured and explain to its insured in detail why it took such an egregious step. Travelers declined coverage without ever providing Aetna any adequate explanation of the reasons, the policy language that it relied upon, the facts that it relied upon and any legal authority that it relied upon.

Travelers is taking a dangerous path and the company's continued declination of coverage only increases risks as more time elapses.

I shall await your response.

Very truly yours,

John T. Walsh, Jr.

JTW/nah
cc: Driscoll Insurance Agency