**HIGGINS, CAVANAGH & COONEY, LLP**
ATTORNEYS AT LAW
THE HAY BUILDING
123 DYER STREET
PROVIDENCE, R.I. 02903-3987
401-272-3500
800-274-5299

KENNETH P. BORDEN
GERALD C. DEMARIA*
JOHN T. WALSH, JR.*
CHARLES A. HAMBLY, JR.
STEPHEN B. LANG
LAWRENCE P. MCCARTHY, III
JAMES A. RUGGIERI*
JAMES T. HORNSTEIN*
JOHN F. KELLEHER*
VIVIAN B. DOGAN*
PATRICK B. LANDERS*
PAUL S. CALLAGHAN*
SUSAN PEPIN FAY*
PETER E. GARVEY**
CHRISTINE D'ORSI FITTA
COLEEN D. O'BRIEN*
STEPHEN P. COONEY*
SAMUEL C. BODURTHA

*ALSO ADMITTED IN MA
**ALSO ADMITTED IN CT

JAMES H. HIGGINS, JR.
1952-1975

JOHN P. COONEY, JR.
1960-1981

JOSEPH V. CAVANAGH
1952-1985

FAX
401-273-8780

WEBSITE: www.hcc-law.com

April 25, 2005

SENT VIA CERTIFIED MAIL
7004 0750 0002 4241 1292

Mr. Matthew Bogosh, Claims Representative
Northeast Regional Claims Office
St. Paul Travelers
44 Bedford Street
P. O. Box 111
Middleboro, MA 02344-0111

Re: RI Contract No. 2002-CB-097
Washington Bridge Drill Shafts
**DOL: 4/9/04**
**Policy Number QT1660 221 D040A**
**Claim Number AET4828 J FR**
Our file: AB 14268

Dear Mr. Bogosh:

We represent Aetna Bridge Company regarding the losses it sustained on April 9, 2004 which were the subject matter of your letter to Mr. Mainelli on April 7, 2005. We have reviewed your letter and also the report of CCA, Inc. We have also reviewed the insurance policy. We have concluded that Travelers' denial is without merit. Travelers present position should be reconsidered before protracted litigation ensues.

Travelers' position, that the claimed loss is excluded by Exclusion 3 is clearly erroneous. We ask that you review that position. At the very least, Travelers must articulate its reasoning.

It is also noteworthy that, beyond the misinterpretation of Exclusion 3, your letter states "This loss is excluded under the above quoted language because the damage to the steel cage was the result of faulty workmanship." Your letter clearly evidences a belief that Aetna is making claim for the steel cage, only.

Please review the claim submitted. You will note that the Aetna claim clearly sets forth a "resulting loss" which must be valued under Section 5 Valuation. Aetna does not seek compensation for the steel cage, only.

Upon your re-review of the claims submitted, you will note that Aetna is entitled, under Section 5 Valuation to recover the costs it incurred that go far beyond the cost of replacing the damaged cages. Simply stated, under the Installation Coverage, Aetna seeks full compensation for its resulting loss as measured by Section 5. All of these elements are set forth in the Aetna claim. If, for any reason, you feel the claim cannot be promptly evaluated by Travelers under Section 5 please advise and I will see to it that my client supplies any additional information you may require.

Your prompt review and payment of these losses will be appreciated.

Very truly yours,

John T. Walsh, Jr.

JTW/nah